UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JADCO ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 12-225-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES D. FANNON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**I.**

Plaintiff Jadco Enterprises, Inc. ("Jadco"), a Kentucky corporation, filed suit in July 2009 in the Clay Circuit Court, naming James D. Fannon and C & F Contractors, LLC ("C & F") as defendants. [Record No. 1-1, pp. 7-15] At the time of this filing, the amount in controversy exceeded $75,000, exclusive of interest and costs. Further, both defendants were citizens of Virginia. However, the defendants did not seek to remove the action to federal court.

The plaintiff eventually obtained summary judgment against the original defendants, James Fannon and C & F. Thereafter, it filed an amended complaint for the purpose of adding claims against J & H Enterprises of Virginia, LLC ("J & H") and Benjamin H. Fannon based on allegations that the original defendants made improper preferential transfers to them. All defendants then sought to remove the action to this Court. The parties do not dispute that the Notice of Removal was filed more than one year after the action was instituted.

-1-

This matter is currently pending for consideration of Plaintiff Jadco's motion to remand the action back to the Clay Circuit Court.  It also seeks an award of costs and attorney fees based on an allegation that the matter was improperly removed. [Record No. 7]  The defendants oppose Jadco's motion. [Record Nos. 13, 15]  Having considered the parties' respective positions, the Court concludes that the decision in *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir. 1999), is controlling.  Under *Brierly* the one-year limitation contained in 28 U.S.C. § 1446 is inapplicable where, as here, the action was removable at the time it was originally filed.  As a result, the plaintiff's motion to remand and its motion for costs and attorney fees will be denied.

## II.

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court.  A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a).  In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  Additionally, statutory procedures for removal are to be strictly construed.  Any doubts concerning jurisdiction should be resolved in favor of remand.  *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967).

The statute governing the timeliness of removal, 28 U.S.C. § 1446(b), "provides a two-step test for determining whether a defendant timely removed a case." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).  That section states, in relevant part, that

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  Under a plain reading of the statute, "[t]he first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman*, 969 F.2d at 161.  However, if the case stated by the initial pleading is not removable, the second paragraph provides that the notice of removal may be filed within thirty days of the receipt of any amended pleading or other paper from which the defendant can first ascertain that the case is removable.  Moreover, such cases may not be removed more than one year after commencement of the action.

Notably, the timeliness requirements of the second paragraph of section 1446(b) do not come into play *unless the case stated by the initial pleading is not removable.  Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).  *See also Brierly v. Alusuisse Flexible Packaging,*

*Inc.*, 184 F.3d 527, 535 (6th Cir. 2000) (holding that the one year limitation on removal cases provided by the second paragraph of section 1446(b) "applies only to those that were not initially removable").

## III.

This action was properly removed under the governing provisions of the removal statute. Because the action was originally removable at the time it was filed in the Clay Circuit Court, the one-year limitation on removal does not come into play.  Instead, the Court must look to the first paragraph of 28 U.S.C. § 1446(b).  Under that statutory section, the newly-named defendants removed the action within thirty days of being joined.  Further, contrary to the plaintiff's contentions, neither the relevant statutory provisions nor case law indicates that the Court should examine the nature of the claims asserted against the newly-joined defendants in determining whether the action is removable.[1]  Without addressing whether the plaintiff may obtain a judgment against the newly-added defendants, the Amended Complaint clearly seeks a judgment against them for the amounts which it alleges were fraudulently transferred.

Accordingly, it is hereby

**ORDERED** that Plaintiff Jadco Enterprises, Inc.'s motion to remand and motion for costs and attorney fees [Record No. 7] is **DENIED**.

---

[1]      At pages 2-3 of the memorandum filed in support of the plaintiff's motion to remand, Jadco states that "[t]he claims against J&H and Benjamin Fannon differ from typical causes of action against a defendant in which a plaintiff attempts to secure a judgment of liability and damages. . .  The recovery of property from third parties under the preferential and fraudulent conveyance statutes is akin to garnishment of a checking account held by a third party bank.  A bank does not acquire a right of removal because it is a non-wage garnishment. . . ." [Record No. 7]

-4-

This 16ᵗʰ day of January, 2013.



Signed By:

_Danny C. Reeves_

United States District Judge