UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JADCO ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 12-225-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES D. FANNON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Jadco Enterprises, Inc.'s ("Jadco") motion for leave to file a second amended complaint.[1] [Record No. 19] Jadco seeks to amend its complaint to add a defendant, Fannon Brothers Tire, Inc. ("Fannon Brothers"), and to include more specific allegations regarding the alleged "fraud and illegal transfers made and caused to be made by C&F Contractors, LLC." [*Id.*, p. 3] The motion is timely under the Scheduling Order entered on January 16, 2013. [Record No. 17, p. 3] However, the defendants oppose the motion on the grounds of undue delay, unfair prejudice, and futility.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant a motion for leave to amend lies within the sound discretion of the district court;

---

1    Jadco has amended its complaint once before, prior to removal of this action from the Clay Circuit Court.

-1-

however, the United States Supreme Court has instructed that Rule 15's permissive language "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberal policy of granting amendments is premised on the desirability of hearing the plaintiff's claims on the merits. *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986). Generally, a plaintiff's motion for leave to amend should be granted absent a justifiable reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. In applying these factors, the Sixth Circuit has repeatedly emphasized that "[d]elay by itself is not sufficient reason to deny a motion to amend." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (citations omitted).

Jadco's proposed amendment is based on information obtained during discovery in the Clay Circuit Court prior to removal on November 15, 2012. [Record No. 19, p. 2] The defendants argue that because this information was available before removal, Jadco should have sought to amend earlier. They contend that the Court should require Jadco to show "that it acted with reasonable diligence in seeking leave to amend now." [Record No. 30, p. 3] However, the case that the defendants cite for this proposition is inapposite. In *Roberts v. City of Flint*, No. 06-cv-13789-DR, 2007 WL 2812301 (E.D. Mich. Sept. 26, 2007), the scheduling order required the parties to amend their pleadings "promptly after receipt of the information upon which the proposed amendment is based." *Id.* at *2 (internal quotation marks omitted). Here, the January 16, 2013 Scheduling Order included no such requirement; rather, the parties were directed to

"file all motions to amend pleadings and/or additional parties" no later than April 1, 2013. [Record No. 17, p. 3] Therefore, without a showing that Jadco acted in bad faith or from a dilatory motive, the lapse of time alone is not a sufficient basis for the denial of Jadco's motion.[2]

The defendants also maintain that "the addition of a . . . new party at this late date likely will make adherence to the court's current scheduling deadlines difficult, burdensome or impossible." [Record No. 30, p. 2] Thus, the defendants assert that they will be prejudiced by the amendment. Although granting Jadco's motion might cause some delays in the progression of this case, those potential delays are not so substantial that the resulting prejudice to the defendants would be undue. *See Murphy v. Grenier*, 406 F. App'x 972, 977 (6th Cir. 2011) (affirming district court's denial of motion to amend where request was made "over seven months after the defendants filed their dispositive motion"); *but see Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010) (noting that "the district court has discretion regarding whether to grant leave to amend following summary judgment"). The possibility that discovery deadlines may be delayed is not a justifiable reason to deny Jadco's motion for leave to amend its complaint.

Finally, the defendants argue that the proposed amendment is futile. They contend that the claims seeking to set aside the transfers to Fannon Brothers are barred by the ninety-day statute of limitations contained in section 378.070(1) of the Kentucky Revised Statutes ("KRS"). [Record No. 30, p. 5 ("The last of the alleged transfers listed in the proposed amendment was

---

2    To the extent that Jadco is required to show reasonable diligence, the Court finds that it has adequately addressed that point. Jadco points out that cases involving fraudulent conveyances "take time to put together," and asserts that it has been diligent in "put[ting] together the pieces of the case to show that James Fannon defrauded Jadco." [Record No. 32, p. 2]

on February 25, 2010.")] Jadco disputes the application of this statute of limitations and argues instead that a five-year statute of limitations governs his claim. In the alternative, it argues that the applicable statute of limitations is irrelevant because this amendment relates back to the original pleading.

An amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). However, the "precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991)).[3] Therefore, the proposed amendment would not relate back to the original complaint, and the Court must determine which statute of limitations applies to Jadco's claims against Fannon Brothers.

The defendants argue that the ninety-day statute of limitations set out in KRS § 378.070(1) bars Jadco's claims. Jadco counters that a five-year statute of limitations applies to its action for the recovery of fraudulent conveyances, pursuant to KRS § 413.120(12). Indeed, "KRS 378.070(1) relates exclusively to a transfer made by one who prefers a prior creditor over

---

3   The extent of the holding in *In re Kent* was called into question by the Supreme Court decision in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010). *See Hiler v. Extendicare Health Network*, No. 5:11-CV-192-REW, 2013 WL 756352, at *4-5 (E.D. Ky. Feb. 26, 2013). However, because Jadco's failure to add Fannon Brothers was not based on a mistake concerning that party's proper identity, *Krupski* does not apply here. 130 S. Ct. at 2493 (analyzing Rule 15(c)(1)(C)(ii) of the Federal Rules of Civil Procedure).

and above other creditors." *Pergrem v. Smith*, 255 S.W.2d 42, 43 (Ky. Ct. App. 1953).[4] When an action is based on fraud, however, it "is not barred by limitations until after the expiration of five years from the time it accrued." *Id.* at 44.

The Second Amended Complaint seeks to recover certain preferential transfers to Fannon Brothers, pursuant to KRS § 378.060. [Record No. 19-1 ¶¶ 58, 69-70] The express language of KRS § 378.070(1) provides that the ninety-day statute of limitations applies to this claim; therefore, it is barred. However, the Second Amended Complaint also includes claims for fraud under KRS § 378.010. [*Id.* ¶¶ 59, 71-79] These claims are subject to the five-year statute of limitations in KRS § 413.120(12). And the earliest possible date that Jadco's cause of action for fraud could have accrued is June 11, 2009 — the date that Jadco alleges C&F issued the purchase order for the coal.[5] [*Id.* ¶ 16] Because five years have not yet passed since that date, Jadco's fraud claims against Fannon Brothers are not barred by the statute of limitations. Therefore, the proposed amendment is not futile with respect to these claims, and the Court will grant Jadco's motion for leave to amend, in part. *See Henok v. Chase Home Fin., LLC*, No. 12-292, 2013 WL 151173, at *2 (D.D.C. Jan. 15, 2013) ("When certain claims in the amended complaint are futile but other claims survive, courts have denied leave to amend in part with respect to the futile claims while allowing leave to amend in part with respect to the surviving

---

[4] KRS § 378.070(1) provided a six-month statute of limitations for such actions when *Pergrem* was decided. 255 S.W.2d at 43. The statute was amended in 2006 to shorten the period to ninety days. 2006 Ky. Acts 1110.

[5] "In an action for relief or damages for fraud or mistake, referred to in subsection (12) of KRS 413.120, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake." KRS § 413.130(3). Because all of the dates referenced in the Second Amended Complaint occurred within the previous five years, the Court need not determine the exact date on which the cause of action accrued.

claims."). With respect to Jadco's claim to set aside the alleged preferential transfers to Fannon Tire Company, Inc., however, the Court will deny the motion to amend.

Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Jadco Enterprises, Inc.'s Motion for Leave to File a Second Amended Complaint [Record No. 19] is **GRANTED**, in part.

2. The motion is **DENIED** with respect to the preferential transfer claims asserted against Fannon Brothers Tire, Inc. in Count I of the Second Amended Complaint.

3. Plaintiff Jadco Enterprises, Inc. is given fourteen (14) days to file a Second Amended Complaint in compliance with this Memorandum Opinion and Order.

This 1st day of May, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge